142 F.3d 442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CLEARWATER COUNTY, IDAHO, by and through W. James Wilson,
Earl Pickett, and Bud Bonner, the duly-elected Commissioners
of Clearwater County; W. James Wilson, duly-elected
Commissioner of Clearwater; Earl Pickett, duly-elected
Commissioner of Clearwater County; Clearwater Resource
Coalition; Orofino Chamber of Commerce; Dennis Harper;
City of Orofino, a municipal corporation, Plaintiffs-Appellants,
v.
U.S. ARMY CORPS OF ENGINEERS; Ernest J. Harrell, Major
General, in his official capacity as Commander of the North
Pacific Division of the U.S. Army Corps of Engineers;
National Marine Fisheries Service; William Daley, in his
official capacity as United States Secretary of Commerce,
Defendants-Appellees.
 No. 97-35014.
D.C. No. CV-94-00330-EJL.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted March 5, 1998.
Decided April 2, 1998.
 
 Appeal from the United States District Court for the District of Idaho Edward J. Lodge, Chief Judge, Presiding.
 Before SCHROEDER, ALARCN, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Clearwater County, Idaho, and related entities appeal the district court's grant of summary judgment in favor of the U.S. Army Corps of Engineers. The court concluded that the Corps was congressionally authorized to consider fish and wildlife conservation in its operation of Dworshak Dam.
 
 
 3
 Appellants first contend that the Flood Control Act of 1962, Public Law 87-874, Title II, 76 Stat. 1173 (1962), which authorized Dworshak Dam, requires the Corps to operate the dam exclusively for the purposes of flood control, power generation, logging and recreation. The Act authorized the dam's construction for purposes "substantially in accordance with the recommendations of the Chief of Engineers in House Document Numbered 403." That document recommends "a program of coordinated water resource improvements, incorporating a balancing of the demands for navigation, flood control, hydroelectric power, fish and wildlife conservation, recreation, water supply and pollution abatement." The Chief of Engineers further referred to the region's fish and wildlife as a "major economic and recreational resource.... Development of the water resources for the area's basic economic needs must recognize and take into account the recreational and fish and wildlife resources to insure that these resources are conserved and enhanced." Therefore, House Document 403 fairly includes fish and wildlife conservation as a purpose consistent with which the Corps may operate Dworshak Dam.
 
 
 4
 Furthermore, the Flood Control Act was passed against the backdrop of the Fish and Wildlife Coordination Act, which mandates "that wildlife conservation shall receive equal consideration and be coordinated with other features of water-resource development programs," 16 U.S.C. § 661. It further provides that agencies responsible for "water-control projects are authorized to modify or add to the structures and operations of such projects ... in order to accommodate the means and measures for such conservation of wildlife resources as an integral part of such projects." 16 U.S.C. § 662(c). Nothing in the Flood Control Act purports to repeal this statute.
 
 
 5
 Appellants rely on the Corps' 1962 decision to limit physical facilities for fish conservation to a hatchery. Such reliance is misplaced, for that decision had nothing to do with the purposes of the dam's construction and its future operation.
 
 
 6
 Because we conclude that the Corps' actions are within the scope of congressional authorization, we need not consider the appellants' argument regarding the alleged irreconcilability of the Flood Control Act with the Endangered Species Act.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3